No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
    *First Street Hosp., et al.*

**First Street Hospital, LP; First Surgical Partners, LLC; First Surgical Partner Holdings, Inc.; and Jacob Varon**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/20/2018 4:05:43 PM
CHRISTOPHER A. PRINE
Clerk

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Fraud, Fraudulent Non-Disclosure (3rd Amd. Pet.); CR3:1360-62, ¶¶ 65-69 | **Traditional** Preemption (4/29/16 MSJ; Varon's Renewed MSJ (8/1/16)). CR1:794-821; 1SuppCR6:2859-67. | **"Preemption Responses":** • United's claims for Defendants' fraud in the bills they submitted to United do not challenge any decision by CMS, and Texas law imposes its own requirements for exemption from licensure requirements. CR2:851-53. • Even if preemption exists, it would not bar United's claims that pre-date the "granting" of PBE status. CR2:856-57. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). Varon's Renewed MSJ granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44. |
| | **Traditional** Statute of Limitations and No Justifiable Reliance (6/16/16 Joinder in Crumley's MSJ 1SuppCR5:2669-89). CR2:1061-78. | **"Fraud Responses":** • United's fraud cause of action accrued when Defendants submitted and United paid the fraudulent bills that caused United's injuries. CR3:1473. • Defendants' fraudulent concealment raises a fact question. CR3:1474-76. • Conspiracy is a derivative of fraud and should thus have the same limitations period. CR3:1480-81. • Justifiable reliance is a question of fact. CR3:1481-83. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)**. CR4:2164-83 Elements Challenged: Misrepresentation, justifiable reliance and injury. CR4:2168-78. **Traditional (8/1/16)** CR4:2164-83 Voluntary Payment Doctrine; CR4:2179-80. | • There is evidence that Defendants falsely represented that First Street was the provider on their bills. CR4:2601-04. • Even though Dr. Varon never directly made any representations to United, he is liable for fraud as a party to a fraudulent scheme. CR4:2604-05. • There is evidence that United justifiably relied on representations made by Defendants. CR4:2605-07. • The voluntary payment rule does not apply. CR4:2607-08. | Denied. CR5:2943 (Oct. 6, 2016 Order). |

1

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**First Street Hospital, LP; First Surgical Partners, LLC; First Surgical Partner Holdings, Inc.; and Jacob Varon**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Negligent Misrep., (3rd Amd. Pet.); CR3:1362-63, ¶¶ 70-72. | **Traditional** Preemption (4/29/16 MSJ; Varon's Renewed MSJ (8/1/16)). CR1:794-821; 1SuppCR6:2859-67. | See **"Preemption Responses"** from Page 1. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). Varon's Renewed MSJ granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44. |
| | **Traditional** Statute of Limitations and No Justifiable Reliance (6/16/16 Joinder in Crumley's MSJ 1SuppCR5:2669-89). CR2:1061-78. | See **"Fraud Responses"** from Page 1. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16).** Elements Challenged: Misrepresentation, justifiable reliance and injury. CR4: 2168-78. | • There is evidence that Defendants falsely represented that First Street was the provider on their bills. CR4:2601-04. • There is evidence that United justifiably relied on representations made by Defendants. CR4:2605-07. • The voluntary payment rule does not apply. CR4:2607-08. | Denied. CR5:2943 (Oct. 6, 2016 Order). |
| | **Traditional (8/1/16)** Voluntary Payment Doctrine CR4:2179-80. | | |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**First Street Hospital, LP; First Surgical Partners, LLC; First Surgical Partner Holdings, Inc.; and Jacob Varon**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Money Had & Rec'd., (3rd Amd. Pet.); CR3:1363, ¶¶ 73-74. | **Traditional** Preemption (4/29/16 MSJ; Varon's Renewed MSJ (8/1/16)). CR1:794-821; 1SuppCR6:2859-67. | See **"Preemption Responses"** from Page 1*.* | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). Varon's Renewed MSJ granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44. |
| | **Traditional** Statute of Limitations (6/16/16 Joinder in Crumley's MSJ1SuppCR5:2669-89). CR2:1061-78. | See "**Fraud Responses**" from Page 1. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** CR4:2178 & n.2. **Traditional (8/1/16)** Voluntary Payment Doctrine CR4:2179-80. | • In their No Evidence and Traditional Motion for Summary Judgment, the First Street Defendants and Dr. Varon asserted that, for the same reasons that United's fraud and negligent misrepresentation claims failed, United's money had and received, unjust enrichment, civil conspiracy, and aiding and abetting claims also failed. CR4:2178 & n.2. Therefore, United's responses to the fraud and negligent misrepresentation grounds in the No Evidence and Traditional Motion for Summary Judgment also would apply to the money had and received, unjust enrichment, civil conspiracy, and aiding and abetting claims. • The voluntary payment rule does not apply. CR4:2607-08. | Denied. CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
  *First Street Hosp., et al.*

**First Street Hospital, LP; First Surgical Partners, LLC; First Surgical Partner Holdings, Inc.; and Jacob Varon**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Unjust Enrichment, (3rd Amd. Pet.); CR3:1363, ¶¶ 75-77. | **Traditional** Preemption (4/29/16 MSJ; Varon's Renewed MSJ (8/1/16)). CR1:794-821; 1SuppCR6:2859-67. | See "**Preemption Responses**" from Page 1. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs.  Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). Varon's renewed MSJ granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order.  CR5:2943-44. |
| | **Traditional** Statute of Limitations (6/16/16 Joinder in Crumley's MSJ 1SuppCR5:2669-89). CR2:1061-78. | See "**Fraud Responses**" from Page 1. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order).  On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims.  2SuppCR:3. |
| | **No-Evidence (8/1/16)** CR4:2178 & n.2  **Traditional (8/1/16)** Voluntary Payment Doctrine CR4:2179-80. | • In their No Evidence and Traditional Motion for Summary Judgment, the First Street Defendants and Dr. Varon asserted that, for the same reasons that United's fraud and negligent misrepresentation claims failed, United's money had and received, unjust enrichment, civil conspiracy, and aiding and abetting claims also failed.  CR4:2178 & n.2.  Therefore, United's responses to the fraud and negligent misrepresentation grounds in the No Evidence and Traditional Motion for Summary Judgment also would apply to the money had and received, unjust enrichment, civil conspiracy, and aiding and abetting claims. • The voluntary payment rule does not apply.  CR4:2607-08. | Denied.  CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
  *First Street Hosp., et al.*

**First Street Hospital, LP; First Surgical Partners, LLC; First Surgical Partner Holdings, Inc.; and Jacob Varon**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Civil Conspiracy, (3rd Amd. Pet.); CR3:1363-64, ¶¶ 78-81. | **Traditional** Preemption (4/29/16 MSJ; Varon's Renewed MSJ (8/1/16)). CR1:794-821; 1SuppCR6:2859-67. | See "**Preemption Responses**" from Page 1. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). Varon's renewed MSJ granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44. |
| | **Traditional** Statute of Limitations (6/16/16 Joinder in Crumley's MSJ; 1SuppCR5:2669-89). CR2:1061-78. | See "**Fraud Responses**" from Page 1. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/01/16).** CR4:2178 & n.2. **Traditional (8/1/16)** Voluntary Payment Doctrine CR4:2179-80. | • In their No Evidence and Traditional Motion for Summary Judgment, the First Street Defendants and Dr. Varon asserted that, for the same reasons that United's fraud and negligent misrepresentation claims failed, United's money had and received, unjust enrichment, civil conspiracy, and aiding and abetting claims also failed. CR4:2178 & n.2. Therefore, United's responses to the fraud and negligent misrepresentation grounds in the No Evidence and Traditional Motion for Summary Judgment also would apply to the money had and received, unjust enrichment, civil conspiracy, and aiding and abetting claims. • The voluntary payment rule does not apply. CR4:2607-08. | Denied. CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**First Street Hospital, LP; First Surgical Partners, LLC; First Surgical Partner Holdings, Inc.; and Jacob Varon**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Aiding & Abetting, (3rd Amd. Pet.); CR3:1364, ¶¶ 82-85 | **Traditional** Preemption (4/29/16 MSJ; Varon's Renewed MSJ (8/1/16)). CR1:794-821; 1SuppCR6:2859-67. | See "**Preemption Responses**" from Page 1. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). Varon's renewed MSJ granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44. |
| | **No-Evidence** CR4:2178 & n.2  **Traditional (8/1/16)** Voluntary Payment Doctrine. CR4:2179-80. | • In their No Evidence and Traditional Motion for Summary Judgment, the First Street Defendants and Dr. Varon asserted that, for the same reasons that United's fraud and negligent misrepresentation claims failed, United's money had and received, unjust enrichment, civil conspiracy, and aiding and abetting claims also failed. CR4:2178 & n.2. Therefore, United's responses to the fraud and negligent misrepresentation grounds in the No Evidence and Traditional Motion for Summary Judgment also would apply to the money had and received, unjust enrichment, civil conspiracy, and aiding and abetting claims. • The voluntary payment rule does not apply. CR4:2607-08. | Denied. CR5:2943 (Oct. 6, 2016 Order). |
| Declaratory Judgment, (3rd Amd. Pet.); CR3:1369-70, ¶¶ 104-05. | **Traditional** Preemption. CR1:818-19. | See "**Preemption Responses**" from Page 1. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). Varon's renewed MSJ granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44. |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
     *First Street Hosp., et al.*

**St. Michael's Emergency Center, LLC; The Woodlands FEC, LLC; Shannon Orsak; and Brian Orsak**

| (1) Cause of Action | (2) MSJ Grounds | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Fraud, Fraudulent Non-Disclosure (3rd Amd. Pet.); CR3:1360-62, ¶¶ 65-69 | **Traditional** Preemption (5/5/16 Joinder in First Street's 4/29/16 MSJ). CR2:822-24. | **"Preemption Responses":** • United's claims for Defendants' fraud in the bills they submitted to United do not challenge any decision by CMS, and Texas law imposes its own requirements for exemption from licensure requirements. CR2:851-53. • Even if preemption exists, it would not bar United's claims that pre-date the "granting" of PBE status. CR2:856-57. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations and No Justifiable Reliance (6/17/16 Joinder in Crumley's MSJ; 8/1/16 MSJ; 8/1/16 Joinder)). CR2:1265-67; CR4:2476-77; CR4:2503-09. | **"Fraud Responses":** • United's fraud cause of action accrued when Defendants submitted and United paid the fraudulent bills that caused United's injuries. CR3:1473. • Defendants' fraudulent concealment raises a fact question. CR3:1474-76. • Conspiracy is a derivative of fraud and should thus have the same limitations period. CR3:1480-81. • Justifiable reliance is a question of fact. CR3:1481-83. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **Traditional (8/1/16).** CR4:2503-08. St. Michael's and The Woodlands FEC conclusively established their entitlement to facility fees. CR4:2506-07. | • PBE status is no bar to United's claims against Defendants for these pre-PBE fraudulent bills. CR4:2554-55. | Granted in part and Denied in part to the same extent as the Court's ruling on the motion that was joined. CR5:2944 (Oct. 6, 2016 Order). |
| | **No-Evidence (8/1/16).** CR4:2439-47. <u>Elements Challenged:</u> Misrepresentation, reliance, duty, opportunity to discover facts, and injury. CR4:2441-45. | • There is evidence that Defendants falsely represented that First Street was the provider on their bills. CR4:2604-07. • There is evidence that United justifiably relied on representations made by Defendants. CR4:2605-07. • Defendants are liable for fraud as a party to a fraudulent scheme. CR4:2576-77. • There is evidence of duty to disclose the truth. CR4:2577. | Granted in part as to United's claims against Shannon Orsak and Brian Orsak and Denied in part as to the remainder. CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
   *First Street Hosp., et al.*

**St. Michael's Emergency Center, LLC; The Woodlands FEC, LLC; Shannon Orsak; and Brian Orsak**

| (1) Cause of Action | (2) MSJ Grounds | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Negligent Misrep., (3rd Amd. Pet.); CR3:1362-63, ¶¶ 70-72. | **Traditional** Preemption CR2:822-24. | See "**Preemption Responses**" from Page 7. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations and No Reliance (6/17/16 Joinder; 8/1/16 MSJ). CR2:1265-67; CR4:2476-77; CR4:2503-09. | See "**Fraud Responses**" from Page 7. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **Traditional (8/1/16)** St. Michael's and The Woodlands FEC conclusively established their entitlement to facility fees. CR4:2506-07. | See "**Fraud Responses**" from Page 7. | Granted in part and Denied in part to the same extent as the Court's ruling on the motion that was joined. CR5:2944 (Oct. 6, 2016 Order). |
| | **No-Evidence (8/1/16)** Elements Challenged: Misrepresentation, reliance and injury. CR4:2444-45. | • There is evidence of misrepresentation, reliance and injury. CR4:2577-78. | Granted in part as to United's claims against Shannon Orsak and Brian Orsak and Denied in part as to the remainder. CR5:2943 (Oct. 6, 2016 Order). |
| Money Had & Rec'd., (3rd Amd. Pet.); CR3:1363, ¶¶ 73-74. | **Traditional** Preemption (5/5/16 Joinder in First Street's 4/29/16 MSJ). CR2:822-24. | See "**Preemption Responses**" from Page 7. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations (6/17/16 Joinder; 8/1/16 MSJ). CR2:1265-67; CR4:2476-77; CR4:2503-09. | See "**Fraud Responses**" from Page 7. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **Traditional (8/1/16)** St. Michael's and The Woodlands FEC conclusively established their entitlement to facility fees. CR4:2506-07. | See "**Fraud Responses**" from Page 7. | Granted in part and Denied in part to the same extent as the Court's ruling on the motion that was joined. CR5:2944 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**St. Michael's Emergency Center, LLC; The Woodlands FEC, LLC; Shannon Orsak; and Brian Orsak**

| (1) Cause of Action | (2) MSJ Grounds | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Money Had & Rec'd. (cont'd), (3rd Amd. Pet.); CR3:1363, ¶¶ 73-74. | **No-Evidence (8/1/16)** CR4:2439-47. <u>Elements Challenged</u>: Defendants are holding money. CR4:2445. | • There is evidence St. Michael's Defendants obtained facility fee payments from United on bills that represented First Street was the provider performing the services being billed. CR4:2580. | Granted in part as to United's claims against Shannon Orsak and Brian Orsak and Denied in part as to the remainder. CR5:2943 (Oct. 6, 2016 Order). |
| Unjust Enrichment, (3rd Amd. Pet.); CR3:1363, ¶¶ 75-77. | **Traditional** Preemption. CR2:822-24. | See "**Preemption Responses**" from Page 7. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations (6/17/16 Joinder; 8/1/16 MSJ). CR2:1265-67; CR4:2476-77; CR4:2503-09. | See "**Fraud Responses**" from Page 7. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **Traditional (8/1/16)** St. Michael's and The Woodlands FEC conclusively established their entitlement to facility fees. CR4:2506-07. | See "**Fraud Responses**" from Page 7. | Granted in part and Denied in part to the same extent as the Court's ruling on the motion that was joined. CR5:2944 (Oct. 6, 2016 Order). |
| | **No-Evidence (8/1/16)** CR4:2439-47. <u>Elements Challenged</u>: Defendants are holding money. CR4:2445. | • There is evidence St. Michael's Defendants obtained facility fee payments from United on bills that represented First Street was the provider performing the services being billed. CR4:2580. | Granted in part as to United's claims against Shannon Orsak and Brian Orsak and Denied in part as to the remainder. CR5:2943 (Oct. 6, 2016 Order). |
| Civil Conspiracy, (3rd Amd. Pet.); CR3:1363-64, ¶¶ 78-81. | **Traditional** Preemption. CR2:822-24. | See "**Preemption Responses**" from Page 7. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations (6/17/16 Joinder; 8/1/16 MSJ). CR2:1265-67; CR4:2476-77; CR4:2503-09. | See "**Fraud Responses**" from Page 7. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**St. Michael's Emergency Center, LLC; The Woodlands FEC, LLC; Shannon Orsak; and Brian Orsak**

| (1) Cause of Action | (2) MSJ Grounds | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Civil Conspiracy (cont'd), (3rd Amd. Pet.); CR3:1363-64, ¶¶ 78-81. | **Traditional (8/1/16)** St. Michael's and The Woodlands FEC conclusively established their entitlement to facility fees. CR4:2506-07. | See "**Fraud Responses**" from Page 7. | Granted in part and Denied in part to the same extent as the Court's ruling on the motion that was joined. CR5:2944 (Oct. 6, 2016 Order). |
| | **No-Evidence (8/1/16)** CR4:2439-47. <u>Elements Challenged</u>: Defendants did an unlawful act and damages. CR4:2445-46. | • There is evidence Defendants engaged in unlawful overt acts and employed unlawful means in furtherance of their conspiracy. CR4:2578-79. | Granted in part as to United's claims against Shannon Orsak and Brian Orsak and Denied in part as to the remainder. CR5:2943 (Oct. 6, 2016 Order). |
| Aiding & Abetting, (3rd Amd. Pet.); CR3:1364, ¶¶ 82-85 | **Traditional** Preemption. CR2:822-24. | See "**Preemption Responses**" from Page 7. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations (6/17/16 Joinder; 8/1/16 MSJ). CR2:1265-67; CR4:2476-77; CR4:2503-09. | See "**Fraud Responses**" from Page 7. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR3. |
| | **Traditional (8/1/16)** St. Michael's and The Woodlands FEC conclusively established their entitlement to facility fees. CR4:2506-07. | See "**Fraud Responses**" from Page 7. | Granted in part and Denied in part to the same extent as the Court's ruling on the motion that was joined. CR5:2944 (Oct. 6, 2016 Order). |
| | **No-Evidence (8/1/16)** CR4:2439-47. <u>Elements Challenged</u>: Defendants conduct does not constitute highly dangerous, deviant or antisocial behavior likely to cause injury, death or certain harm to a large group of people. CR4:2446-47. | • There is evidence Defendants St. Michael's Defendants schemed with other Defendants to improperly obtain facility fees from United and gave each other assistance and encouragement in submitting their various fraudulent bills to United. CR4:2579-80. | Granted in part as to United's claims against Shannon Orsak and Brian Orsak and Denied in part as to the remainder. CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**St. Michael's Emergency Center, LLC; The Woodlands FEC, LLC; Shannon Orsak; and Brian Orsak**

| (1) Cause of Action | (2) MSJ Grounds | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Declaratory Judgment, (3rd Amd. Pet.); CR3:1369-70, ¶¶ 104-05. | **Traditional** Preemption  CR1:818-19. | See "**Preemption Responses**" from Page 7. | Denied.  CR3:1445 (July 8, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**Emergency Healthcare Partners, LP d/b/a Memorial Heights Emergency Center**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Fraud, Fraudulent Non-Disclosure (3rd Amd. Pet.); CR3:1360-62, ¶¶ 65-69 | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ). CR2:831-33. | **"Preemption Responses":** • United's claims for Defendants' fraud in the bills they submitted to United do not challenge any decision by CMS, and Texas law imposes its own requirements for exemption from licensure requirements. CR2:851-53. • Even if preemption exists, it would not bar United's claims that pre-date the "granting" of PBE status. CR2:856-57. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations and No Reliance (6/17/16 Joinder in Crumley's MSJ). CR2:1261-64. | **"Fraud Responses":** • United's fraud cause of action accrued when Defendants submitted and United paid the fraudulent bills that caused United's injuries. CR3:1473. • Defendants' fraudulent concealment raises a fact question. CR3:1474-76. • Conspiracy is a derivative of fraud and should thus have the same limitations period. CR3:1480-81. • Justifiable reliance is a question of fact. CR3:1481-83. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** CR4:2478-99. Elements Challenged: Misrepresentation, Reliance, duty, defendant knew that United was ignorant of the facts and did not have an equal opportunity to discover the facts, Defendant remained deliberately silent, reliance and injury. CR4:2486-88. | • United has standing as a fiduciary. CR4:2692-94. • There is evidence that Defendants falsely represented that First Street was the provider on their bills. CR4:2694. • Defendants are liable for fraud as a party to a fraudulent scheme. CR4:2695. • There is evidence of duty to disclose the truth. CR4:2694-95. | Denied as to fraud and granted as to fraudulent non-disclosure. CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**Emergency Healthcare Partners, LP d/b/a Memorial Heights Emergency Center**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Negligent Misrep., (3rd Amd. Pet.); CR3:1362-63, ¶¶ 70-72. | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ). CR2:831-33. | See "**Preemption Responses**" from Page 12. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations and No Reliance (6/17/16 Joinder in Crumley's MSJ). CR2:1261-64. | See "**Fraud Responses**" from Page 12. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** <u>Elements Challenged</u>: Reliance, misrepresentation and injury. CR4:2488-89. | • There is evidence of reliance, misrepresentation and injury. CR4:2696-97. | Denied. CR5:2943 (Oct. 6, 2016 Order). |
| Money Had & Rec'd., (3rd Amd. Pet.); CR3:1363, ¶¶ 73-74. | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ). CR2:831-33. | See "**Preemption Responses**" from Page 12. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations (6/17/16 Joinder in Crumley's MSJ). CR2:1261-64. | See "**Fraud Responses**" from Page 12. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** <u>Elements Challenged</u>: Ownership interest in the money. CR4:2489-90. | • There is evidence United has an ownership interest in the money. CR4:2698. | Denied. CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
    *First Street Hosp., et al.*

**Emergency Healthcare Partners, LP d/b/a Memorial Heights Emergency Center**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Unjust Enrichment, (3rd Amd. Pet.); CR3:1363, ¶¶ 75-77. | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ). CR2:831-33. | See "**Preemption Responses**" from Page 12. | Denied. CR3:1445 (July 8, 2016 Order) |
| | **Traditional** Statute of Limitations (6/17/16 Joinder in Crumley's MSJ). CR2:1261-64. | See "**Fraud Responses**" from Page 12. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** Element Challenged: That Defendant wrongfully secured or passively received a benefit that would be wrong to retain. CR4:2490-91. | • There is evidence Defendants wrongfully received facility fees. CR4:2698. | Denied. CR5:2943 (Oct. 6, 2016 Order). |
| Civil Conspiracy, (3rd Amd. Pet.); CR3:1363-64, ¶¶ 78-81. | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ). CR2:831-33. | See "**Preemption Responses**" from Page 12. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **Traditional** Statute of Limitations (6/17/16 Joinder in Crumley's MSJ). CR2:1261-64. | See "**Fraud Responses**" from Page 12. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
    *First Street Hosp., et al.*

**Emergency Healthcare Partners, LP d/b/a Memorial Heights Emergency Center**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Civil Conspiracy (cont'd), (3rd Amd. Pet.); CR3:1363-64, ¶¶ 78-81. | **No-Evidence (8/1/16)** <u>Elements Challenged</u>: Defendant was a member of a combination of 2 or more actors, had a meeting of the minds, one of the members committed an unlawful overt act to further the course and injury. CR4:2490-91. | • Defendants engaged in unlawful avert acts and employed unlawful means in furtherance of their conspiracy. CR4:2697. | Denied. CR5:2943 (Oct. 6, 2016 Order). |
| | **Traditional (8/1/16)** Underlying torts were time-barred. CR4:2491-92. | | |
| Aiding & Abetting, (3rd Amd. Pet.); CR3:1364, ¶¶ 82-85 | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ). CR2:831-33. | See "**Preemption Responses**" from Page 12. | Denied. CR3:1445 (July 8, 2016 Order). |
| | **No-Evidence (8/1/16)** <u>Elements Challenged</u>: Intent and knowledge as to Memorial Heights. CR4:2492-94. | • Defendants intentionally schemed and gave each other assistance and encouragement. CR4:2698. | Granted. CR5:2943 (Oct. 6, 2016 Order). |
| Declaratory Judgment, (3rd Amd. Pet.); CR3:1369-70, ¶¶ 104-05. | **Traditional (8/1/16)** As a matter of law, the claims for declaratory judgment duplicated United's already existing tort claims. CR4:2494-95. | • United's claim for declaratory relief, however, essentially seeks declarations defining Defendants' obligations regarding honest billing in the future. CR4:2699. | Granted. CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
   *First Street Hosp., et al.*

**Diane Crumley; Vital Weight Control, Inc.; and Harris County Title Search, Inc.**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Fraud, Fraudulent Non-Disclosure (3rd Amd. Pet.); CR3:1360-62, ¶¶ 65-69 | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ; 8/1/16 MSJ). 1SuppCR5:2537-38; CR4:2261-70. | **"Preemption Responses":** • United's claims for Defendants' fraud in the bills they submitted to United do not challenge any decision by CMS, and Texas law imposes its own requirements for exemption from licensure requirements. CR2:851-53. • Even if preemption exists, it would not bar United's claims that pre-date the "granting" of PBE status. CR2:856-57. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). The renewed MSJ filed by Crumley, Vital Weight Control, and Harris County Title Search was granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44 (Oct. 6, 2016 Order). |
| | **Traditional** Statute of Limitations and No Reliance (6/2/16 MSJ). 1SuppCR5:2669-89. | **"Fraud Responses":** • United's fraud cause of action accrued when Defendants submitted and United paid the fraudulent bills that caused United's injuries. CR3:1473. • Defendants' fraudulent concealment raises a fact question. CR3:1474-76. • Conspiracy is a derivative of fraud and should thus have the same limitations period. CR3:1480-81. • Justifiable reliance is a question of fact. CR3:1481-83. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** CR4:2384-93. Elements Challenged: Lack of Standing, Misrepresentation, knowledge of falsity, acted with reckless disregard, duty, reliance and damages. CR4:2388-89. | • United has standing as a fiduciary. CR5:2813-16. • There is evidence that Defendants falsely represented that First Street was the provider on their bills. CR5:2816-18. • Defendants are liable for fraud as a party to a fraudulent scheme. CR5:2816-18. • There is evidence of a duty to disclose the truth. CR5:2817-18. • There is evidence of knowledge. CR5:2817-18. | Denied. CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**Diane Crumley; Vital Weight Control, Inc.; and Harris County Title Search, Inc.**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Negligent Misrep., (3rd Amd. Pet.); CR3:1362-63, ¶¶ 70-72. | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ; 8/1/16 MSJ). 1SuppCR5:2537-38; CR4:2261-70. | See "**Preemption Responses**" from Page 16. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs.  Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). The renewed MSJ filed by Crumley, Vital Weight Control, and Harris County Title Search was granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order.  CR5:2943-44 (Oct. 6, 2016 Order). |
| | **Traditional** Statute of Limitations and No Reliance (6/2/16 MSJ). 1SuppCR5:2669-89. | See "**Fraud Responses**" from Page 16. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013.  CR5:2942 (Oct. 6, 2016 Order).  On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** Elements Challenged: Lack of standing, provided false information, exercise reasonable care, injury. CR4:2389-90. | • There is evidence that Defendants falsely represented that First Street was the provider on their bills, failed to use reasonable care and United suffered an injury.  CR5:2816-18. | Granted.  CR5:2943 (Oct. 6, 2016 Order). |
| Money Had & Rec'd., (3rd Amd. Pet.); CR3:1363, ¶¶ 73-74. | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ; 8/1/16 MSJ). 1SuppCR5:2537-38; CR4:2261-70. | See "**Preemption Responses**" from Page 16. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs.  Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). The renewed MSJ filed by Crumley, Vital Weight Control, and Harris County Title Search was granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order.  CR5:2943-44 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
    *First Street Hosp., et al.*

**Diane Crumley; Vital Weight Control, Inc.; and Harris County Title Search, Inc.**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Money Had & Rec'd. (cont'd), (3rd Amd. Pet.); CR3:1363, ¶¶ 73-74. | **Traditional** Statute of Limitations (6/2/16 MSJ). 1SuppCR5:2669-89. | See "**Fraud Responses**" from Page 16. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** <u>Elements Challenged</u>: Lack of standing, holds money, and ownership of funds. CR4:2390. | • There is evidence that Defendants received payments. CR5:2821. | Denied. CR5:2943 (Oct. 6, 2016 Order). |
| Unjust Enrichment, (3rd Amd. Pet.); CR3:1363, ¶¶ 75-77. | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ; 8/1/16 MSJ). 1SuppCR5:2537-38; CR4:2261-70. | See "**Preemption Responses**" from Page 16. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). The renewed MSJ filed by Crumley, Vital Weight Control, and Harris County Title Search was granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44 (Oct. 6, 2016 Order). |
| | **Traditional** Statute of Limitations (6/2/16 MSJ). 1SuppCR5:2669-89. | See "**Fraud Responses**" from Page 16. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** <u>Elements Challenged</u>: Lack of standing, benefit which would be unconscionable to retain by fraud, duress or undue advantage. CR4:2390-91. | • There is evidence Defendants received a benefit. CR5:2821. | Denied. CR5:2943 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**Diane Crumley; Vital Weight Control, Inc.; and Harris County Title Search, Inc.**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Civil Conspiracy, (3rd Amd. Pet.); CR3:1363-64, ¶¶ 78-81. | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ; 8/1/16 MSJ). 1SuppCR5:2537-38; CR4:2261-70. | See "**Preemption Responses**" from Page 16. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). The renewed MSJ filed by Crumley, Vital Weight Control, and Harris County Title Search was granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44 (Oct. 6, 2016 Order). |
| | **Traditional** Statute of Limitations (6/2/16 MSJ). 1SuppCR5:2669-89. | See "**Fraud Responses**" from Page 16. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **No-Evidence (8/1/16)** Elements Challenged: Lack of standing, meeting of the minds on an unlawful course of conduct; committing one or more unlawful overt acts, and injury. CR4:2391. | • There is evidence Defendants engaged in engaged in unlawful overt acts and employed unlawful means in furtherance of a conspiracy. CR5:2819. | Denied in part as to standing and as to United's claims for fraud, fraudulent nondisclosure, money had and received, unjust enrichment, and conspiracy. CR5:2943 (Oct. 6, 2016 Order). |
| Aiding & Abetting, (3rd Amd. Pet.); CR3:1364, ¶¶ 82-85 | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ; 8/1/16 MSJ). 1SuppCR5:2537-38; CR4:2261-70. | See "**Preemption Responses**" from Page 16. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). The renewed MSJ filed by Crumley, Vital Weight Control, and Harris County Title Search was granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
    *First Street Hosp., et al.*

**Diane Crumley; Vital Weight Control, Inc.; and Harris County Title Search, Inc.**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Aiding & Abetting (cont'd), (3rd Amd. Pet.); CR3:1364, ¶¶ 82-85 | **No-Evidence (8/1/16)** <u>Elements Challenged</u>: Lack of standing, knowledge, intent to assist, provided assistance or encouragement, that said assistance or encouragement was a substantial factor in causing the tort. CR4:2391 | • There is evidence Defendants schemed together and gave each other assistance and encouragement in submitting bills to United. CR5:2820. | Granted. CR5:2943 (Oct. 6, 2016 Order). |
| Alter Ego / Piercing, (3rd Amd. Pet.); CR3:1365-68, ¶¶ 86-94 | **Traditional** Preemption (5/6/16 Joinder in First Street's 4/29/16 MSJ; 8/1/16 MSJ). 1SuppCR5:2537-38; CR4:2261-70. | See "**Preemption Responses**" from Page 16. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). The renewed MSJ filed by Crumley, Vital Weight Control, and Harris County Title Search was granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44 (Oct. 6, 2016 Order). |
|  | **No-Evidence (8/1/16)** <u>Elements Challenged</u>: Lack of standing, abuse of corporation, unity. CR4:2391. | • There is evidence that (1) that the companies are Ms. Crumley's alter ego, and (2) that Ms. Crumley used the corporate fiction for an illegitimate purpose. CR5:2821-23. | Granted. CR5:2943 (Oct. 6, 2016 Order). |
| Declaratory Judgment, (3rd Amd. Pet.); CR3:1369-70, ¶¶ 104-05. | **Traditional** Preemption CR1:818-19. | See "**Preemption Responses**" from Page 16. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order). The renewed MSJ filed by Crumley, Vital Weight Control, and Harris County Title Search was granted in part to the same extent as First Street's motion was granted in the Court's July 8, 2016 Order. CR5:2943-44 (Oct. 6, 2016 Order). |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**Tony Rotondo**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Fraud, Fraudulent Non-Disclosure (3rd Amd. Pet.); CR3:1360-62, ¶¶ 65-69 | **Traditional** Statute of Limitations and No Reliance (7/1/16 Joinder in Crumley's MSJ). CR3:1314-16. | **"Fraud Responses"** • United's fraud cause of action accrued when Defendants submitted and United paid the fraudulent bills that caused United's injuries. CR3:1473. • Defendants' fraudulent concealment raises a fact question. CR3:1474-76. • Conspiracy is a derivative of fraud and should thus have the same limitations period. CR3:1480-81. • Justifiable reliance is a question of fact. CR3:1481-83. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **Traditional** Preemption (10/12/16 Joinder in First Street's Preemption Motion). 1SuppCR9:4178-80. | **"Preemption Responses"** • United's claims for Defendants' fraud in the bills they submitted to United do not challenge any decision by CMS, and Texas law imposes its own requirements for exemption from licensure requirements. CR2:851-53. • Even if preemption exists, it would not bar United's claims that pre-date the "granting" of PBE status. CR2:856-57. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order), 1SuppCR9:4211. |
| Negligent Misrep., (3rd Amd. Pet.); CR3:1362-63, ¶¶ 70-72. | **Traditional** Statute of Limitations and No Reliance (7/1/16 Joinder in Crumley's MSJ). CR3:1314-16. | See "**Fraud Responses**," above (Page 21). | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **Traditional** Preemption (10/12/16 Joinder in First Street's Preemption Motion). 1SuppCR9:4178-80. | See **"Preemption Responses,"** above (Page 21). | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order), 1SuppCR9:4211. |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
*First Street Hosp., et al.*

**Tony Rotondo**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Money Had & Rec'd., (3rd Amd. Pet.); CR3:1363, ¶¶ 73-74. | **Traditional** Statute of Limitations (7/1/16 Joinder in Crumley's MSJ). CR3:1314-16. | See "**Fraud Responses**" from Page 21. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **Traditional** Preemption (10/12/16 Joinder in First Street's Preemption Motion). 1SuppCR9:4178-80. | See "**Preemption Responses**" from Page 21. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order), 1SuppCR9:4211. |
| Unjust Enrichment, (3rd Amd. Pet.); CR3:1363, ¶¶ 75-77. | **Traditional** Statute of Limitations (7/1/16 Joinder in Crumley's MSJ). CR3:1314-16. | See "**Fraud Responses**" from Page 21. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **Traditional** Preemption (10/12/16 Joinder in First Street's Preemption Motion). 1SuppCR9:4178-80. | See "**Preemption Responses**" from Page 21. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order), 1SuppCR9:4211. |

No. 01-17-00237-CV
*United Healthcare Servs., Inc., et al. v.*
    *First Street Hosp., et al.*

**Tony Rotondo**

| (1) Cause of Action | (2) MSJ Ground | (3) MSJ Response | (4) Trial Court's Ruling |
|---|---|---|---|
| Civil Conspiracy, (3rd Amd. Pet.); CR3:1363-64, ¶¶ 78-81. | **Traditional** Statute of Limitations (7/1/16 Joinder in Crumley's MSJ). CR3:1314-16. | See "**Fraud Responses**" from Page 21. | Granted as to all claims except United's money had and received claims for payments that United made after August 28, 2013. CR5:2942 (Oct. 6, 2016 Order). On March 23, 2017, United non-suited its remaining claims for money had and received for payments made after August 28, 2013, and on July 11, 2017, the trial court signed an Order Dismissing Non-Suited claims. 2SuppCR:3. |
| | **Traditional** Preemption (10/12/16 Joinder in First Street's Preemption Motion). 1SuppCR9:4178-80. | See "**Preemption Responses**" from Page 21. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order), 1SuppCR9:4211. |
| Aiding & Abetting, (3rd Amd. Pet.); CR3:1364, ¶¶ 82-85 | **Traditional** Preemption (10/12/16 Joinder in First Street's Preemption Motion). 1SuppCR9:4178-80. | See "**Preemption Responses**" from Page 21. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order), 1SuppCR9:4211. |
| Declaratory Judgment, (3rd Amd. Pet.); CR3:1369-70, ¶¶ 104-05. | **Traditional** Preemption CR1:818-19. | See "**Preemption Responses**" from Page 21. | Granted as to United's claims challenging facility fees that were incurred between November 10, 2011 and the date of termination of First Street's management agreements with its FECs. Denied as to claims challenging fees that were not incurred during that period. CR3:1444 (July 8, 2016 Order), 1SuppCR9:4211. |